UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

**Deborah J. Kaufmann**

   **v.**　　　　　　　　　　　　　　　Case No. 11-cv-119-PB
　　　　　　　　　　　　　　　　　　Opinion No. 2012 DNH 003
**Prudential Insurance Company
of America**

MEMORANDUM AND ORDER

    A claimant in an action for benefits under the Employment Retirement Income Security Act ("ERISA") ordinarily must timely exhaust administrative remedies before commencing an action in this court. The question presented by the defendant's motion for summary judgment is whether such a claimant must comply with an administrative appeal procedure that is included in an ERISA plan's Summary Plan Description ("SPD") but not in the written instrument that establishes the plan.

I.  BACKGROUND

**A.   Kaufmann's Claim**

    Deborah J. Kaufmann was employed as an administrative assistant at Goss International Americas Inc. ("Goss") until March 7, 2005, when she stopped working due to back and neck

pain. Goss provides its employees with both Short Term Disability ("STD") and Long Term Disability ("LTD") benefits under a welfare plan governed by ERISA and insured by the Prudential Insurance Company of America (the "Plan"). Kaufmann applied for and was awarded STD benefits based on her inability to perform her duties as an administrative assistant. After she reached her maximum STD benefits in August 2005, Kaufmann began to receive LTD benefits. She continued to receive LTD benefits for approximately seven months.

On February 23, 2006, Prudential informed Kaufmann that it was terminating her LTD benefits effective April 1, 2006, because it determined that she was no longer disabled. D.'s Ex. 4 at D0898, Doc. No. 49-2. The letter informed Kaufmann of her right to appeal the unfavorable decision and that the appeal "must be submitted within 180 days of the date of your receipt of this letter." Id. at D0899. The letter also provided the address where the written appeal should be submitted and the information to be included in the appeal. Id.

On August 21, 2006, Kaufmann's attorney wrote a letter to Prudential requesting a number of documents and indicating that an appeal would be forthcoming. D.'s Ex. 9 at D0083, Doc. No.

2

49-2.  Kaufmann, however, did not submit the appeal until February 17, 2009, approximately two-and-a-half years after the appeal deadline had passed.  D.'s Ex. 12 at D0096, Doc. No. 49-2.  The next day, she commenced this action.[1]  On February 26, 2009, Prudential informed Kaufmann that it would not consider her appeal because it was untimely.  D.'s Ex. 13 at D0890-91, Doc. No. 49-2.

**B.  Plan Documents**

The documents that establish the Plan do not require that a claimant exhaust administrative appeals before proceeding with a claim for benefits in court.  Instead, they state that "[y]ou can start legal action regarding your claim 60 days after proof of claim has been given and up to 3 years from the time proof of claim is required, unless otherwise provided under federal law."  D.'s Ex. 1 at D0463, Doc. No. 49-3.

The SPD for the Plan states at the outset:  "The Summary Plan Description is not part of the Group Insurance Certificate.

---

[1] Kaufmann sued Prudential rather than Goss even though the SPD identifies Goss as the Plan administrator.  Prudential does not argue that it is not a proper defendant and, in any event, it appears that it was the correct party to sue because the Plan documents establish that Prudential "is the party that controls administration of the plan."  Terry v. Bayer Corp., 145 F.3d 28, 36 (1st Cir. 1998).

It has been provided by your Employer and included in your Booklet-Certificate upon the Employer's request." Id. at D0470. The SPD also establishes procedures that claimants must follow to appeal adverse determinations. The relevant language provides that "[i]f your claim for benefits is denied . . ., you or your representative may appeal your denied claim in writing to Prudential within 180 days of the receipt of the written notice of denial . . . ." Id. at D0473. If the appeal is denied, the claimant may submit "a second, voluntary appeal of [the] denial" or may "elect to initiate a lawsuit without submitting to a second level of appeal." Id. at D0474. "If [the claimant] elect[s] to initiate a lawsuit without submitting to a second level of appeal, the plan waives any right to assert that [she] failed to exhaust administrative remedies." Id.

## II.  STANDARD OF REVIEW

Summary judgment is appropriate when the record reveals "no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The evidence submitted in support of the motion must be considered in the light most favorable to the nonmoving party,

4

drawing all reasonable inferences in its favor. See Navarro v. Pfizer Corp., 261 F.3d 90, 94 (1st Cir. 2001).

A party seeking summary judgment must first identify the absence of any genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). The burden then shifts to the nonmoving party to "produce evidence on which a reasonable finder of fact, under the appropriate proof burden, could base a verdict for it; if that party cannot produce such evidence, the motion must be granted." Ayala-Gerena v. Bristol Myers-Squibb Co., 95 F.3d 86, 94 (1st Cir. 1996); see Celotex, 477 U.S. at 323.

### III. ANALYSIS

Prudential bases its motion for summary judgment on the undisputed fact that Kaufmann failed to comply with the 180-day administrative appeal period established by the SPD. Kaufmann responds by claiming that the administrative appeal period is unenforceable because it was never properly made a part of the plan. I agree with Kaufmann.

Every ERISA plan must be "established and maintained pursuant to a written instrument." 29 U.S.C. § 1102(a)(1). A

key congressional report explains the purpose of this requirement: "A written plan is to be required in order that every employee may, on examining the plan documents, determine exactly what his rights and obligations are under the plan." Curtiss-Wright Corp. v. Schoonejongen, 514 U.S. 73, 83 (1995) (quoting H.R. Rep. No. 93-1280, at 297 (1974), reprinted in 1974 U.S.C.C.A.N. 4639, 5077-78); see also Fenton v. John Hancock Mut. Life Ins. Co., 400 F.3d 83, 88-89 (1st Cir. 2005) ("The purpose of [the written instrument] requirement is to ensure that participants know their rights and obligations under the plan, and to provide some degree of certainty in the administration of benefits.") (internal citations omitted).

The written instrument constituting the plan must contain "the basic terms and conditions of the plan." CIGNA Corp. v. Amara, 131 S. Ct. 1866, 1877 (2011) (citing 29 U.S.C. § 1102). As the statutory scheme makes plain, the requisite terms include procedures for appealing a denial or termination of benefits. Section 1133 provides, in pertinent part:

> In accordance with regulations of the Secretary [of Labor], every employee benefit plan shall—
> (2) afford a reasonable opportunity to any participant whose claim for benefits has been denied for a full and fair review by the appropriate named fiduciary of the decision denying the claim.

29 U.S.C. § 1133.  Pursuant to the Secretary's regulation, "every [] plan shall establish and maintain reasonable procedures governing the . . . appeal of adverse benefit determinations . . . ."  29 C.F.R. § 2560.503-1(b).  Here, however, the written instrument constituting the Plan does not establish any procedures for appealing adverse decisions that must be exhausted before a lawsuit may be filed.  Instead, it clearly states that a lawsuit may be filed challenging a denial of benefits "60 days after proof of claim has been given and up to 3 years from the time proof of claim is required, unless otherwise provided under federal law."  D.'s Ex. 1 at D0463, Doc. No. 49-3.

    Prudential acknowledges that the SPD is the only plan document that contains appeal procedures.  Prudential maintains, however, that the appeal provisions in the SPD constitute the terms of the Plan.  This position is untenable for a number of reasons.  First, the SPD expressly declares that its provisions are not part of the Plan.  See id. at D0470.  Second, the Supreme Court in Amara expressly rejected the argument that "the terms of the [SPD] are terms of the plan."  131 S. Ct. at 1877.  After examining the relevant statutory provisions, the Court

7

concluded that "the summary documents, important as they are, provide communication with beneficiaries *about* the plan, but that their statements do not themselves constitute the *terms* of the plan . . . ." Id. at 1878 (emphasis in original).

By including the appeal procedures only in the SPD, the Plan administrator here effectively sought to amend the written instrument constituting the Plan without following the Plan's procedure for making amendments. It had no authority to do so. See id. at 1877. As Justice Breyer remarked in Amara, ERISA does not give plan administrators "the power to set plan terms indirectly by including them in the summary plan descriptions." Id. Only the plan sponsor can set the terms of the plan and it must do so in the written instrument establishing the plan. Id. Although here the same entity is listed as both the Plan sponsor and the Plan administrator, as was the case in Amara, the Supreme Court has made it clear that ERISA preserves the distinction between the two roles. See id. The SPD, which the Plan administrator is responsible for distributing to participants, therefore, cannot graft onto the Plan procedures that must be in the written instrument constituting the Plan. Here, the SPD purports to add terms establishing administrative

appeal procedures.  Because the written instrument constituting the Plan does not require that administrative appeals be pursued before a lawsuit is filed, those SPD provisions are ineffective.

Prudential's argument that it was required to place the appeal procedures in the SPD and, therefore, did not have to include them in the written instrument constituting the Plan, is unpersuasive.  The regulation governing claim procedures does provide that to be "reasonable," a "description of all claims procedures . . . and the applicable time frames" must be "included as part of a summary plan description . . . ."  29 C.F.R. § 2560.503-1(b)(2).  Requiring inclusion of claims procedures in the SPD, however, does not mean that they need not be in the written instrument establishing the Plan.  Rather, inclusion of the procedures in the SPD is an additional disclosure requirement, designed to communicate to plan participants information about their appeal rights and procedures established in the written instrument constituting the Plan.

More importantly, ERISA requires the SPD to include "the remedies available *under the plan* for the redress of claims which are denied in whole or in part . . . ."  29 U.S.C. §

1022(b).  The Court in Amara interpreted a similar provision and concluded that "[t]he syntax of that provision, requiring that participants and beneficiaries be advised of their rights and obligations 'under the plan,' suggests that the information *about* the plan provided by [the SPD] is not itself *part of* the plan."  See 131 S. Ct. at 1877 (emphasis in original).  The SPD, therefore, cannot establish appeal procedures that are not included in the written instrument constituting the Plan.

Other courts that have analyzed provisions included in the SPD but not in the written instrument constituting the plan have come to similar conclusions.  See, e.g., Merigan v. Liberty Life Assurance Co. of Boston, No. 2009-11087-RBC, 2011 WL 5974455, at *7 (D. Mass. Nov. 30, 2011) (concluding that an appeal deadline contained in the SPD but not in the written instrument constituting the plan is unenforceable under Amara); Shoop v. Life Ins. Co. of N. Am., No. 4:10CV125, 2011 WL 3665030, at *5 (E.D. Va. July 19, 2011) ("[E]ven though the SPD states that [defendant] has sole discretion to interpret the terms of the Policy, the fact that this language is not included in the Policy itself, means [that the defendant's] administrative interpretation of the Policy terms is due no deference."); Spain

10

v. Prudential Ins. Co. of Am., No. 09-cv-608 JPG, 2010 WL 669866, at *6 (S.D. Ill. Feb. 22, 2010) ("[T]he SPD cannot add a mandatory administrative appeal process to the Plan where the Plan is silent and then argue that [plaintiff] failed to exhaust those administrative remedies."); see also Schwartz v. Prudential Ins. Co. of Am., 450 F.3d 697, 698-99 (7th Cir. 2006) (defendant could not rely upon language in the SPD granting it discretionary decision-making authority "which the plan itself does not confer").  But see Tetreault v. Reliance Standard Life Ins. Co., No. 10-11420-JLT (D. Mass. Nov. 28, 2011) (a pending Report and Recommendation advising the district judge to whom the case is assigned to grant defendants' motion for summary judgment because plaintiff failed to comply with the 180-day appeal deadline contained only in the SPD).

Although here the SPD states that the Plan's participants have 180 days to appeal a denial or termination of benefits, the fact that this language is not included in the written instrument constituting the Plan renders the appeal deadline unenforceable.  The SPD cannot add a mandatory appeal procedure when the Plan is silent on the subject.  Therefore, Kaufmann did not fail to exhaust the Plan's administrative remedies by

11

appealing the termination of her LTD benefits after the 180-day deadline had expired.[2]

## IV. CONCLUSION

For the reasons provided above, I deny Prudential's motion for summary judgment (Doc. No. 49).

SO ORDERED.

/s/ Paul Barbadoro
Paul Barbadoro
United States District Judge

January 5, 2012

cc: Jonathan M. Feigenbaum
    Joseph C. Galanes
    Patrick C. DiCarlo
    Byrne J. Decker

---

[2] Prudential briefly argues that the appeal provisions in the SPD are enforceable even if they are not established in the written instrument constituting the Plan because Kaufmann cannot show "significant reliance" and "prejudice" to be exempt from the SPD's requirements. The cases Prudential cites, however, merely recognize that a claimant cannot base a claim on language in an SPD that differs from the underlying plan without proof of reliance on the SPD. See Bachelder v. Commc'ns Satellite Corp., 837 F.2d 519, 523 (1st Cir. 1988); see also Morales-Alejandro v. Med. Card Sys., Inc., 486 F.3d 693, 699 (1st Cir. 2007). They simply do not support the very different proposition that a claimant cannot rely on language in a plan that differs from the SPD without proof of reliance on the plan.